OPINION
In August of 1994, a bus struck and damaged a 1972 Chevrolet Monte Carlo owned by appellant, Gordon Bourgeois. Said vehicle had 327,000 miles on it.
Over the next several months, numerous repairmen worked on the vehicle. In April of 1995, appellant took the vehicle to appellee, Gene Thompson, for repair. While appellee worked on appellant's vehicle, appellant rented a vehicle.
In August of 1995, the vehicle was still under repair. Appellant requested possession of his vehicle. Appellee demanded payment. Appellant refused to pay. Appellee refused to release the vehicle.
On September 15, 1995, appellant filed a complaint against appellee for breach of contract, poor workmanship and wrongful detention of the vehicle.
A bench trial commenced on July 26, 1996. By judgment entry filed August 27, 1997, the trial court found in favor of appellee and ordered appellant to pay $3,978.69 plus storage from December 12, 1995 and interest from August 5, 1995.
Appellant filed a notice of appeal. In lieu of a transcript, the parties submitted a statement pursuant to App.R. 9(C) on December 15, 1997. This matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED IN FAILING TO AWARD PLAINTIFF-APPELLANT DAMAGES IN LIGHT OF THE FACT THAT DEFENDANT-APPELLEE VIOLATED THE OHIO CONSUMER SALES PRACTICES ACT.
II
 THE TRIAL COURT ERRED IN AWARDING DEFENDANT-APPELLEE STORAGE COSTS FOR STORING PLAINTIFF-APPELLANT'S AUTOMOBILE.
III
 THE TRIAL COURT'S JUDGMENT THAT PLAINTIFF-APPELLANT OWES DEFENDANT-APPELLEE THE SUM OF $3,978.69 IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
IV
 THE TRIAL COURT'S DETERMINATION THAT DEFENDANT-APPELLEE PERFORMED THE REPAIRS OF PLAINTIFF-APPELLANT'S AUTOMOBILE IN A REASONABLE AND WORKMAN-LIKE FASHION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant claims the trial court erred in failing to award appellant damages because appellee violated the Ohio Consumer Sales Practices Act. We disagree.
Appellant argues because appellee failed to provide a written estimate of the work to be completed as authorized by R.C. 1345.05
and Ohio Adm. Code 109:4-3-13(A), he is entitled to damages.
A review of appellant's complaint reveals the statutory provisions of R.C. 1345.02 et seq. were never pled. The 9(C) statement does not indicate a violation of said statutes was ever raised at trial.
It is a well established principle of Ohio law that a party cannot raise new issues for the first time on appeal. McCarthy,Lebit, Crystal Haiman Co., L.P.A. v. First Union Management,Inc., et al. (1993), 87 Ohio App.3d 613.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in awarding appellee storage costs. We agree.
A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610.
By judgment entry filed August 27, 1997, the trial court found appellee did not release appellant's vehicle because appellant refused to pay the repair bill and awarded appellee storage costs.
The 9(C) statement at page 5, paragraph 20, states the parties "never agreed upon any storage charge."
Based upon this statement, we find the trial court's award for storage costs to be unsupported by the evidence.
Assignment of Error II is granted.
 III, IV
Appellant claims the trial court's award of $3,978.69 to appellee for repair costs and the trial court's finding the repairs were done in a workmanlike manner were against the manifest weight of the evidence. We disagree.
As previously stated, a judgment supported by some competent credible evidence will not be reversed. C.E. Morris; Myers.
The trial court awarded appellee $3,978.69 in damages based in part upon 173 hours of labor billed at $26 per hour. See, 9(C) Statement at page 9, paragraphs 25 and 27. Appellant argues there was ample evidence of flat rate pricing agreements for most of the repairs and appellee's hourly labor rate for other repairs was $25. See, 9(C) Statement at pages 3-4, paragraphs 10, 13, 14 and 15.
The 9(C) statement at page 9, paragraph 17, states appellant "kept bringing in parts and things to do with the car and it kept escalating." Based upon this statement, we find the trial court's acceptance of appellee's billing statement and award of $3,978.69 to be supported by the evidence.
Appellant also argues the vehicle was not repaired in a workmanlike manner. The state of the evidence on the quality of the work was limited. Appellant's expert, Steven Doersam, testified to the repairs' poor quality however, the trial court found Mr. Doersam admitted to being a restoration expert and not a repair expert. See, 9(C) Statement at page 6, paragraph 1. Further, appellant presented no evidence as to the value of the vehicle pre-collision, pre-repair, and post-repair. The trial court concluded appellant failed to meet his burden of proof on this issue. The trial court had as evidence photographs of the vehicle and invoices for parts (Plaintiff's Exhibit 3; Defendant's Exhibits 4, 5, 8, 10, 11 and 12).
Given the 9(C) statement and the physical exhibits presented to the trial court, we find the trial court's finding the repairs were done in a workmanlike manner to be supported by the evidence.
Assignments of Error III and IV are denied.
The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed in part and reversed in part.
By Farmer, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Licking County, Ohio is affirmed in part and reversed in part.